This was a bill filed by complainant to discover if the defendant Barnard Beekman had not made certain ‘bills of sale of a number of slaves to his nephew Samuel Beekman, in order to cover them from his creditors, and particularly from the complainant, who had recovered judgment against Barnard Beekman, on bonds in which he was security. The defendants in their ’answer stated that Barnard Beekman was justly indebted to his nephew Samuel Beekman, and had executed several bills of sale, qonveyingto him a number of negro slaves, whom he accepted in payment. That several of them were delivered to, and actually in the possession of Samuel Beekman. But that there were others who were necessary to the immediate service, attendance upon and comfort of his aged and venerable relation; and whom therefore he permitted to remain with him, and in his service. The bills of sale were proved, and shewn to have been executed to satisfy debts bona fide due to Samuel Beekman; and they were all, except one, recorded in the proper offices, in proper time. The two defendants were men of great pvobi- *347 tv, and their answers were corroborated by proofs which were satisfactory. But it was contended by the complainant’s counsel, that the personal property which remained in the. possession of Barnard Beckman must, notwithstanding the bill of sale to Samuel Beckman, be subject to his debts. The securityship was in 1784: the bills of sale were in 1787, and were recorded before complainants got judgment at law, except one, which has never been recorded. Some of the negroes which were left iq the possession of Barnard Beckman, were included in the bill of sale recorded, and some in the bill of sale unrecorded. All that remained in the vendors possession must be subjected to his debts, according to Twine's case, reported in 3 Coke’s reports. See too 2 Burn ford and East, 537, which was derided by twelve judges of England in the exchequer chamber. For the defendant it w7as contended, that though these were bills of sale, made, bona fide to pay, or rather to secure a debt, yet it w as intended to make it executory, so as to cover the just debt due to the defendant Samuel Beckman; and that being ex-ecutory, the property might remain with the vendor,without being liable to bis debts. The court delivered the following decree:
JUNE, 1793.
Decsee.
The court said, that the only question in this case is, whether certain negroes in the possession of Barnard Beckman are his property, and liable to his debts, or the property of Samuel Beckman. The latter produced bills of sale for them as far bark as 1787, previous to complainant's obtaining judgment and execution against Barnard Beckman. There are two bills of sale, one of which is recorded, and the other not. The transaction between Barnard Beckman and Samuel Beckman appears to be quite fair. The debts for which the bills of sale were, given, were justly due; satisfactory vouchers were produced; all the negroes therefore, the possession of whom went with the bills of sale (and there were some under both) are dearly Samuel Beckman's property. But. it is contended that Barnard Beckman’s remaining in possession of the other negroes, and exercising all acts of ownership over them, he is to be considered themá *348 owner of them, and that they are liable to his debts. Pos» session certainly is the criterion of personal property, and the vendee's permitting the vendor to continue in possession, is prima facie, to countenance fraud by giving the vendor a false credit. The court has no doubt of the fairness of the transactions in this case: and that the conduct of Samuel Beekman was even laudable to his aged relative; but the law must prevail. Thei*e is, however, a distinction between the negroes which are yet in Barnard Beekman’s possession; because some of them are named in the recorded bill of sale, and some in the unrecorded. As to those in the recorded bill, the court has no difficulty in declaring them to be the property of the defendant, Samuel Beekman, though they remained in Barnard Beekman’s possession; because every one could have access to the public records, and obtain correct information, and no false credit is held out. But as. to those in the unrecorded bill of sale, and in possession of Barnard Beekman, the bill of sale must be considered void on the principle that possession is the criterion of personal property. It was therefore ordered and decreed, that the negroes in the possession of Barnard Beekman, named in the unrecorded bill of sale, be considered as his property, and as to those the bill of sale is considered void — Costs to be paid by defendant, Barnard Beekman. Calhoun, E. Rutledge, and Desaussurc, solicitors for complainants — Pringle and general Pinckney, solicitors in the cause for defendants.